

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0677-22

**LARRY JEAN HART, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON APPELLLANT'S PETITION FOR DISCRETIONARY REVIEW
FROM THE FIFTH COURT OF APPEALS
DALLAS COUNTY**

RICHARDSON, J., filed a concurring opinion in which HERVEY, and NEWELL, JJ., joined.

### CONCURRING OPINION

Singing about drugs, guns, and murder is nothing new. It is just as prevalent in our culture as singing about God and love. But what these lyrics and music videos have in common is that they are artistic expressions. And like all other forms of artistic expression,

1

music often courts controversy.[1] It's value may not be appreciated till long after its creator's passing, and even then, there may be strong disagreement.[2] Using someone's art in the guilt-innocence phase of a trial only as character evidence has the potential of being unfairly prejudicial. Black's Law Dictionary defines art as "creative expression, or the product of creative expression." (11th Edition). It is questionable how much logical relevance a jury might be able to extract from an artist's creative expression absent a more concrete connection to the alleged offense.[3] Allowing evidence of artistic expression only as character evidence and without something substantially more is inviting the jury to come to a decision enflamed by emotion, cultural differences, musical taste, and not reason during guilt-innocence.

When the State introduced the rap videos, Appellant's trial counsel objected to their introduction and articulated that their prejudicial effect significantly outweighed the

---

[1] Wolfgang Amadeus Mozart's *The Marriage of Figaro* is often called one of the greatest operas of all time. Originally a play by Pierre-Augustin Caron de Beaumarchais, it was widely banned in Europe due to its "incendiary political content"—it criticized the nobility. Converting it to an opera, Mozart convinced Emperor Joseph II to repeal his censorship of the opera. *The 20 Best Operas of All Time*, BBC MUSIC MAGAZINE (Mar. 19, 2024, 8:07 AM), https://www.classical-music.com/features/works/20-greatest-operas-all-time.

[2] Pablo Picasso, the renowned Spanish painter known for starting the Cubism movement, is still controversial to this day. One of his more famous paintings, *Les Demoiselles d''Avignon*, was met with "almost unanimous shock, distaste, and outrage" when it was first displayed in Paris in 1907. *Culture Shock: Pablo Picasso's Les Demoiselles d'Avignon*, PBS, https://www.pbs.org/wgbh/cultureshock/flashpoints/visualarts/picasso.html. Nevertheless, there is no dispute as to his importance in modern art.

[3] For instance, Richard Klinkhamer authored a manuscript for a novel on how he might have killed his wife a year after she suspiciously disappeared. After her skull was found buried on the property they formerly lived in, he was tried and convicted for murder.

probative value. Appellant's trial counsel argued that the music was "a glorification of criminal activity, including guns and drugs and violence." The connection to any fact of consequence was minor compared to its likelihood to irrationally enflame the jury.[4] Showing the expressive recordings to the jury was "just a vilification of character by rap." I agree. As the majority explains, the videos did not pass the Rule 403 balancing test in this guilt-innocence phase of the trial.

Lyrics of all genres can be violent, twisted, and inflammatory. As is common in many other forms of expression, music of all genres talk about crime. Below is a short compilation of lyrics to provide a feel:

Blues Rock

- "Don't bogart that joint, my friend. Pass it over to me." FRATERNITY OF MAN, *Don't Bogart Me* (1968).
  Possession of Marijuana Tex. Health and Safety Code § 481.121.

---

[4] Factors that should be considered in Rule 403 balancing include:

1. how compellingly the extraneous offense evidence serves to make a fact of consequence more or less probable—a factor which is related to the strength of the evidence presented by the proponent to show the defendant in fact committed the extraneous offense;
2. the potential the other offense evidence has to impress the jury "in some irrational but nevertheless indelible way;"
3. the time the proponent will need to develop the evidence, during which the jury will be distracted from consideration of the indicted offense;
4. the force of the proponent's need for this evidence to prove a fact of consequence, i.e., does the proponent have other probative evidence available to him to help establish this fact, and is this fact related to an issue in dispute.

*Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997) (citing *Montgomery v. State*, 810 S.W.2d 372, 389-90 (Tex. Crim. App. 1990)).

Folk Rock

- "I shot my baby. Down by the river. Dead, ooh, shot her dead." NEIL YOUNG, *Down by the River* (1969).
  Murder, Tex. Penal Code § 19.02.

Reggae

- "I shot the sheriff, but I didn't shoot the deputy." BOB MARLEY & THE WAILERS, *I Shot the Sheriff* (1973); *also* ERIC CLAPTON, *I Shot the Sheriff* (1974).
  Aggravated Assault with Deadly Weapon, Tex. Penal Code § 22.02.

Disco/Soul

- "If the price is right, you can score, if your pocket's nice." DONNA SUMMER, *Bad Girls* (1979).
  Promotion of Prostitution, Tex. Penal Code § 43.03.

- "Burn, baby burn, burn that mother down." THE TRAMMPS, *Disco Inferno* (1976).
  Arson, Tex. Penal Code § 28.02.

Pop

- So lay your cards down, down, down. So park your Lexus. And throw your keys up." BEYONCE, *Texas Hold'em* (2024).
  Aggravated Robbery, Tex. Penal Code § 29.03.

- "Hey, let's touch in public." CHARLES MCMANSION, *T.I.P.* (2015).
  Public Lewdness, Tex. Penal Code § 21.07.

- "I eat boys up, breakfast and lunch. Then when I'm thirsty, I drink their blood." KESHA, *Cannibal* (2010).
  Abuse of Corpse, Tex. Penal Code § 42.08.

- "I met her in a hotel lobby, masturbating with a magazine." PRINCE, *Darling Nikki* (1984).
  Indecent Exposure, Tex. Penal Code § 21.08.

- "Private eyes. They're watching you. They see your every move." HALL & OATES, *Private Eyes* (1981).
  Stalking, Tex. Penal Code § 42.072.

Country

- "I just killed a man. Left him in his drive. Watched the light go out of his loving eyes." CATIE OFFERMAN, *I Just Killed a Man* (2023).[5]
Murder, Tex. Penal Code § 19.02.

- "I drew a bead on him, to practice my aim. My brother's rifle went off in my hand." JOHNNY CASH, *I Hung My Head* (2002) (cover of a STING song).
Murder, Tex. Penal Code § 19.02.

- "Goodbye Earl. Those black-eyed peas; they tasted alright to me, Earl." DIXIE CHICKS, *Goodbye Earl* (1999).
Murder, Tex. Penal Code § 19.02.

Jam

- "Wilson, kill you 'til you die." PHISH, *Punch You in the Eye* (1989).
Terroristic Threat, Tex. Penal Code § 22.07.

- "I just jumped the watchman, right outside the fence, took his ring, four bucks in change." GRATEFUL DEAD, *Jack Straw* (1972).
Robbery, Tex. Penal Code § 29.02.

Metal

- "So I kissed him upside the cranium with that aluminum baseball bat." PRIMUS, *My Name is Mud*, (1993).
Aggravated Assault with Deadly Weapon, Tex. Penal Code § 22.02.

Indie/Alternative

- "Think I'm drunk enough to drive you home now. I'll keep my mouth kept shut under lock and key." DEATH CAB FOR CUTIE, *Champagne from a Paper Cup* (1998).
Driving While Intoxicated, Tex. Penal Code § 49.04.

Singing these songs, either as the artist or just while driving one's car to work, does not make one more or less likely to be a criminal. Such music merely serves as an

---

[5] Catie Offerman, a rising star in the country western genre, has previously played as an opening act for George Strait and will do so again at Kyle Field on June 15, 2024.

expressive outlet to millions of law-abiding Americans—though many will strongly disagree on what is tasteful and what is not.[6] And without a more concrete evidentiary focus, the subjective question over what one considers a legitimate expressive outlet is an inquiry that can distract a jury from the actual question at hand.

There is no confidence that the jury came to a decision of guilty free from the emotional effects of the rap videos. The use of the rap videos by the State was unfairly prejudicial against Appellant and should not have been admitted. With these thoughts, I concur and join the majority.

Filed: May 8, 2024

Publish

---

[6] *See 'I Hate Him': Why Picasso's Value and Influence are Waning*, SYDNEY MORNING HERALD (April 5, 2023 1:22 PM), https://www.smh.com.au/world/europe/i-hate-him-why-picasso-s-value-and-influence-is-waning-20230404-p5cy4p.html (suggesting that Picasso's place as a creative inspiration for modern artists is waning).